UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARTHOLOMEW,<br><br>            Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>            Respondent. | No. 2:13-cv-00707-MCE-CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner incarcerated at the California State Prison-Solano ("CSP-Solano"), is proceeding pro se with a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petition, ECF No. 1, challenges a decision by prison authorities finding him guilty of a disciplinary violation for possession of a cell phone, cell phone charger, and cell phone batteries. Respondent has answered. ECF No. 11. Petitioner has requested a ruling on the matter, ECF No. 17. Upon careful consideration of the record and the applicable law, the undersigned will recommend that the petition be denied.

BACKGROUND

On July 18, 2011, petitioner was issued a rules violation report ("RVR") for possession of a cellular telephone and chargers after the items were discovered during a random cell search.

/////

/////

1  ECF No. 1 at 50.[1]  The facts underlying the violation can be summarized as follows:  During a
2  random search of a cell assigned to petitioner and his cellmate, inmate Rahmen, a correctional
3  officer noticed that the screws of the cable box outlet were scratched and loose.  Id.  After
4  removing the cable plate from the wall, the officer discovered a black LG cellular telephone, two
5  LG batteries, and two chargers.  Id.  When asked about the phone, inmate Rahmen stated, "I've
6  used it and texted with it, but it's not mine."  Id. at 55.  The officer informed inmate Rahmen that
7  he would be receiving a violation for possession of a cell phone and chargers.  Id.  Petitioner was
8  asked about the phone and stated, "I don't know nothing about no phone."  Id. at 50.  Petitioner
9  was also informed that he would be receiving a violation for possession of a cell phone and
10  chargers.  Id.  Inmate Rahmen declined to provide a statement or testimony in his defense, and
11  pleaded guilty to the written charge.  Id. at 58.  Petitioner denied ownership of the cell phone and
12  pleaded not guilty to the charge, and also claimed that he was not timely notified of the violation.
13  Id. at 51.  At petitioner's disciplinary hearing on August 18, 2011, inmate Rahmen testified that
14  the cell phone was his, that he used it for text messages, and that Bartholomew had no knowledge
15  of it.  Id. at 53.  Petitioner's request to call two prison officials as witnesses was denied, as their
16  testimony was deemed irrelevant.  Id.  The hearing officer found petitioner guilty of the charge,
17  concluding that he had constructive possession of the contraband because he was jointly
18  responsible for the shared area.  Id.  Punishment was assessed at 30 days loss of credit and 90
19  days loss of yard privileges.  Id.

20      Petitioner exhausted all of his appeals with the California Department of Corrections and
21  Rehabilitation ("CDCR") before seeking relief in the state courts.  Id. at 42-48.  On June 11,
22  2012, petitioner filed a petition for writ of habeas corpus in Solano County Superior Court,
23  challenging the prison disciplinary violation.  ECF No. 11-1 at 2-18.  On August 7, 2012, the
24  California Superior Court, in a reasoned decision, denied the petition.  Id. at 49-51.
25  Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of
26  Appeal, which was summarily denied on November 8, 2012.  Id, at 53-118, 120.  Petitioner then

---

[1] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system.

filed a habeas petition in the California Supreme Court, which was summarily denied on March 13, 2013. Id. at 122-164, 166. After exhausting all of his state court remedies, petitioner filed the instant petition for writ of habeas corpus on April 10, 2013.[2]  ECF No. 1.

Petitioner seeks federal habeas relief on the following grounds: (1) that his right to equal protection was denied because he was treated differently than other inmates who were found to be in possession of contraband following a routine cell search; and (2) his due process rights were violated because he was not given advance notice of the charges against him, was not provided with the evidence supporting the charge, and was not allowed to call witnesses in his defense. Id. at 13, 28, 34-39.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)).

---

[2] Pursuant to Ylst v. Nunnemaker, 501 U.S. 797 (1991), this court will look through the unexplained decision of the California Supreme Court and use the last reasoned opinion of the California Superior Court as the basis for this court's AEDPA review for reasonableness.

"The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "the legal principles and standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject

4

those arguments or theories to § 2254(d) scrutiny.  Richter, 131 S. Ct. at 786.

DISCUSSION

I. Claim One:  Equal Protection

Petitioner claims that he is being treated differently than other inmates because it is the practice at CSP-Solano that when one inmate is found to be responsible for the possession of contraband found during a search of a cell, his cellmate is absolved of responsibility.  ECF No. 1 at 28.  Thus, under the Equal Protection Clause, petitioner should have been absolved of the charges when inmate Rahmen accepted responsibility for the cell phone.  Id. at 29-30.

     A. Superior Court Opinion

The superior court found that the evidence provided by petitioner did not support his assertion that the CDCR had a policy of relieving inmates of responsibility for contraband when their cell mates take responsibility, and that petitioner did not receive the benefit of such a policy. ECF No. 11-1 at 50.

     B. Applicable Law

The Equal Protection Clause "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly."  Vacco v. Quill, 521 U.S. 793, 799 (1997) (citations omitted).  The Fourteenth Amendment "guarantees equal laws, not equal results."  McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991) quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 273 (1979).  A habeas petitioner has the burden of alleging facts sufficient to establish "a prima facie case of uneven application."  McQueary, 924 F.2d at 835.  Moreover, "a mere demonstration of inequality is not enough. ... [t]here must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises."  Id.

     C. Analysis

Here, petitioner has failed to demonstrate that he was treated any differently in the disciplinary process due to some perceived "practice" at CSP-Solano in cases similar to his that involved random cell searches.  All inmates who are similarly situated to him are subject to the same rules with regard to the adjudication of prison disciplinary charges, but the outcome may differ depending on the particular facts of a case.  The evidence provided by petitioner, which

consists of RVR's issued to other inmates, does not suggest that it was the practice at CSP Solano, in situations of joint possession, to absolve an inmate of responsibility for the possession of contraband simply because the other inmate had accepted responsibility for its possession. The state court's adjudication of petitioner's claim was not contrary to or an unreasonable application of clearly established federal law.  Accordingly, petitioner is not entitled to federal habeas relief on this claim.

II.  Claim Two:  Due Process

Petitioner contends that his due process rights were violated because (i) he failed to receive advance written notice of the charges against him; (ii) he was not provided with a written statement of the evidence relied upon and the reason for the disciplinary hearing; and (iii) he was not allowed to call witnesses and present documentary evidence in his defense.  ECF No. 1 at 34-39.

   A.  Superior Court Opinion

The superior court considered and rejected each of these claims.  ECF No. 11-1 at 50-51. First, the court found that petitioner was timely notified of the charges and had adequate time to prepare in advance of the disciplinary hearing.  Id. at 50.  Second, the court found that petitioner was timely given a copy of his hearing documents by the chief disciplinary officer (which included the findings, disposition, and evidence relied upon) on the same day that the review was completed.  Id.  Third, petitioner's request for witnesses was properly denied because neither witness had any relevant information to provide.  Id. at 51.

   B.  Applicable Law

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants.   Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum).  An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary

6

action taken. Wolff, 418 U.S. at 563. An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Id. at 571.

Where a protected liberty interest exists, the requirements imposed by the Due Process Clause are "dependent upon the particular situation being examined." Hewitt v. Helms, 459 U.S. 460, 472 (1983). The process due is such procedural protection as may be "necessary to ensure that the decision ... is neither arbitrary nor erroneous." Washington v. Harper, 494 U.S. 210, 228 (1990). In identifying the safeguards required in the context of disciplinary proceedings, courts must remember "the legitimate institutional needs of assuring the safety of inmates and prisoners" and avoid "burdensome administrative requirements that might be susceptible to manipulation." Superintendent v. Hill, 472 U.S. 445, 454-55 (1985). The requirements of due process in the prison context involve a balancing of inmate rights and institutional security concerns, with a recognition that broad discretion must be accorded to prison officials. Wolff, 418 U.S. at 560-63.

C. Analysis

In this case, petitioner received all the process that was due to him under the law. The RVR was completed within the required time frame, and petitioner was given written notice of the disciplinary charges brought against him well in advance of the hearing. ECF No. 11-1 at 20. Petitioner was also given a written statement of the evidence relied upon by prison officials and the reasons for the disciplinary actions taken against him. Id. at 20-23. Further, petitioner's request for the appearance of two witnesses was appropriately denied, as the hearing officer's reasons for denying the request were entirely legitimate in the context of a prison disciplinary proceeding. Id. at 23. Wolff, 418 U.S. at 566. In any case, even if the witnesses had testified as petitioner expected, the testimony would not have been relevant to the issue of whether petitioner constructively possessed the phone. Id. at 17. In sum, petitioner was afforded all the process that was due him under the federal Constitution in the context of his prison disciplinary proceedings. Accordingly, petitioner is not entitled to federal habeas relief on any of his due process claims.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: June 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / AK / bart0070.hc